IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

BRYAN L. JONES,

        Plaintiff,

v.

Commissioner TYRONE OLIVER, *et al.*,

        Defendants.

Case No. 7:24-cv-00097-WLS-TQL

## DISMISSAL ORDER

Pro se Plaintiff Bryan L. Jones, who also refers to himself as "Vizion", a prisoner at Macon State Prison in Oglethorpe, Georgia, has filed a complaint seeking relief pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff requests leave to proceed *in forma pauperis*. ECF No. 2. As discussed below, Plaintiff has three strikes under the Prison Litigation Reform Act, so he may not proceed *in forma pauperis*. Leave to proceed *in forma pauperis* (ECF No. 2) is therefore **DENIED**, and this action is **DISMISSED WITHOUT PREJUDICE**. Due to the dismissal of Plaintiff's civil action, his request for preliminary injunctive relief (ECF No. 5) is also **DENIED**.

### ANALYSIS

The Prison Litigation Reform Act bars a prisoner from bringing a civil action in federal court *in forma pauperis*:

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state

> a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is known as the "three strikes provision." Under § 1915(g), a prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the grounds that it is frivolous or malicious or fails to state a claim. *See Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999). Once a prisoner incurs three strikes, his ability to proceed *in forma pauperis* in federal court is greatly limited: leave to proceed *in forma pauperis* may not be granted unless the prisoner is under imminent danger of serious physical injury. *Id.* The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. *Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database reveals that Plaintiff has filed multiple federal lawsuits and that at least three of his complaints have been dismissed as frivolous, or malicious, or for failure to state a claim. *See, e.g., Jones v. DeKalb Cnty. Jail*, No. 1:18-cv-3874 (N.D. Ga. Sep. 5, 2019) (dismissed under § 1915 for failure to state a claim); *Jones v. Shuler*, No. 1:19-cv-2078 (N.D. Ga. July 17, 2019) (same); *Jones v. Brown*, No. 1:21-cv-32 (N.D. Ga. Mar. 17, 2022) (dismissed under § 1915 as frivolous); and *Jones v. Doe*, No. 7:23-cv-00016-HL-TQL (M.D. Ga. May 22, 2023)

(dismissed under § 1915 as malicious for abuse of the judicial process and for failure to state a claim, and dismissed pursuant to *Dupree v. Palmer*, 284 F.3d 1234 (11th Cir. 2002) for having three strikes).

Plaintiff is accordingly barred from prosecuting this action *in forma pauperis* unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). To qualify for this exception, a prisoner must allege specific facts that describe an "ongoing serious physical injury," or "a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Sutton v. Dist. Attorney's Office*, 334 Fed. App'x 278, 279 (11th Cir. 2009) (per curiam) (internal quotation marks omitted). Complaints of past injuries are not sufficient. *See Medberry*, 185 F.3d at 1193. Vague and unsupported claims of possible dangers likewise do not suffice. *See White v. State of Colo.*, 157 F.3d 1226, 1231 (10th Cir. 1998); *Daker v. Ward*, 999 F.3d 1300, 1311 (11th Cir. 2021) (citing *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004) ("General assertions… are 'insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'"). "[T]he alleged imminent injury must be sufficiently 'serious': It must be 'severe' or 'life-threatening.'" *Daker v. Comm'r of Georgia Dep't of Corr.*, No. 19-11449, 2022 WL 2813248, at *1 (11th Cir. July 19, 2022) (citing *Daker v. Ward*, 999 F.3d at 1313). The imminent danger exception to § 1915(g) is to be applied only in "genuine emergencies." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

In this case, Plaintiff's claims arise from his previous incarceration at Valdosta State Prison, GD&CP, and Telfair State Prison. ECF No. 1 at 5. Plaintiff asserts, however, that his claims "primarily" arise from Valdosta State Prison. *Id.* Plaintiff names as Defendants several supervisory personnel including the Commissioner and the Regional Director of the Georgia Department of Corrections as well as various Wardens and Deputy Wardens from unspecified prisons. *Id.* at 1 and 4. He complains that his grievances were denied or not processed and that he was transferred to other prisons out of retaliation for filing grievances. *Id.* at 5. He complains that he has been "labelled or tagged in the G.D.C. system", that he "has had to involve Internal Affairs about a hit put on him by prison officials", and that "in another location prisoners were told by prison officials that the Plaintiff was a homosexual and a snitch". *Id.* As to all these allegations, Plaintiff gives no specific dates for when any event occurred although it appears that his incarceration in the Georgia prison system began at GD&CP in 2019 and he was last transferred out of Valdosta State Prison in 2023. *Id.* at 4-8. Plaintiff vaguely concludes that his "non-frivolous lawsuits were derailed and sabotaged by the Defendant's racketeering (retaliatory transfers, purposeful destruction of Plaintiff's legal papers and effects, harassment and purposefully putting prisoner in dangerous confines with young violent gang members)." *Id.* at 5. It appears that what Plaintiff refers to as "nonfrivolous lawsuits" are the federal lawsuits that were all dismissed on the merits in the United States District Courts and are counted as strikes under § 1915(g) as well as two other federal lawsuits where judgment was entered following Plaintiff's failure to obey a court

order and after granting of summary judgment to Defendants. *See id.* at 7-8; *Jones v. DeKalb Cnty. Jail*, No. 1:18-cv-3874 (N.D. Ga. Sep. 5, 2019); *Jones v. Shuler*, No. 1:19-cv-2078 (N.D. Ga. July 17, 2019); *Jones v. Brown*, No. 1:21-cv-32 (N.D. Ga. Mar. 17, 2022); *Jones v. Emmons*, No. 7:21-cv-16 (M.D. Ga. May 6, 2021); *Jones v. Ford*, No. 5:20-cv-422 (M.D. Ga. Jan. 4, 2023). He then fulminates that "it is as a result of the Defendant's malfeasance why all Plaintiff's suits were lost." *Id.* at 5. Plaintiff requests damages and injunctive relief. *Id.* at 6; ECF No. 5.

First, a preliminary review of Plaintiff's complaint finds many deficiencies with his complaint that warrant dismissal of this civil action under § 1915A including shotgun pleading, time-barred claims, respondent superior claims, and claims barred by res judicata. *See e.g. Nurse v. Sheraton Atlanta Hotel*, 618 F. App'x 987, 990 (11th Cir. 2015) (finding that the Eleventh Circuit has "condemned shotgun pleadings for decades" and upheld their dismissal by the district courts.); *Clark v. State of Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990) ("The expiration of the statute of limitations ... warrants a dismissal [under the PLRA] as frivolous."); *Asad v. Crosby*, 158 F. App'x 166, 170-72 (11th Cir. 2005) (affirming district court's dismissal of supervisory liability claims because the record failed to show that the Defendants "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation"); *Fullman v. Graddick*, 739 F.2d 553, 556-7 (11th Cir. 1984) ("A complaint may justifiably be dismissed because of the conclusory, vague and general nature of the allegations of

conspiracy."); *Nolley v. Warden, Macon State Prison*, 820 F. App'x 845, 854–55 (11th Cir. 2020) (per curiam) (affirming dismissal of claims barred by res judicata).

Moreover, nowhere in his complaint does Plaintiff provide facts suggesting that he is presently in imminent danger of suffering any serious physical injury. *See* ECF No. 1 at 4-8. Plaintiff's claims arise from his incarceration at prisons where he is no longer incarcerated and center on conspiratorial allegations that "it is as a result of the Defendant's malfeasance why all Plaintiff's [law]suits were lost." *Id.* Plaintiff's claims do not establish a genuine emergency which shows that he is presently in imminent danger of serious physical injury, therefore, he does not meet the exception to the § 1915(g) three strikes bar. *See Daker v. Jackson*, 942 F.3d 1252, 1257 (11th Cir. 2019) (holding that Plaintiff's access to court claims and other First Amendment Claims "do not constitute imminent danger of serious physical injury."); *Daker v. Robinson*, 802 F. App'x 513, 515 (11th Cir. 2020) (citing *Medberry*, 185 F.3d at 1193) (holding that "past harm is insufficient to meet the imminent-danger requirement."); *Lewis*, 279 F.3d at 531 (holding that the imminent danger exception to § 1915(g) is to be applied only in "genuine emergencies," when (1) "time is pressing," (2) the "threat or prison condition is real and proximate," and (3) the "potential consequence is serious physical injury.")

For the foregoing reasons, Plaintiff's motion to proceed in this action *in forma pauperis* (ECF No. 2) is **DENIED** pursuant to § 1915(g) and Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**.[1] Due to the dismissal of Plaintiff's civil

---

[1] The Eleventh Circuit has held that a prisoner cannot simply pay the filing fee after being

6

action, his request for preliminary injunctive relief (ECF No. 5) is also **DENIED**.

**SO ORDERED**, this 25th day of November, 2024.

_____
W. LOUIS SANDS, JUDGE
UNITED STATES DISTRICT COURT

---

denied *in forma pauperis* status and that he must pay the filing fee at the time he initiates the suit. *Dupree*, 284 F.3d at 1236. Thus, the proper procedure when denying *in forma pauperis* status is to dismiss the complaint without prejudice, allowing the Plaintiff to refile upon payment of the full filing fee. *Id.*; *see also Simmons v. Zloch*, 148 F. App'x 921, 922 (11th Cir. 2005) (citing to *Dupree* in affirming denial of *in forma pauperis* motion and dismissing complaint under § 1915(g)).